UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-0478-B-1 |
| | § | |
| DAVID ASHER AGEE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant David Asher Agee's Motion to Reduce Sentence (Doc. 47).

Agee seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* For the following reasons,

Agee's Motion is **DENIED WITHOUT PREJUDICE.**

I.

BACKGROUND

The Court sentenced Agee to 188 months of imprisonment and three years of supervised

release after Agee pleaded guilty to bank robbery. Doc. 37, J., 1–3. Agee, who is now 37 years old, is

serving his sentence at Beckley Medium Federal Correctional Institution. His scheduled release date

is February 24, 2028.[1]

Agee filed a motion seeking compassionate release under 18 U.S.C. § 3582. Doc. 47, Mot.,

1. He argues that recent changes in the law and his rehabilitation warrant compassionate release. *See*

*id.* at 1–3. The Court considers the Motion below.

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

The Court denies Agee's motion for compassionate release because he did not show that he exhausted his administrative remedies, and he has not demonstrated extraordinary and compelling reasons for a sentence reduction.

A.      *Agee Failed to Exhaust His Remedies.*

A defendant can only bring a motion for compassionate release under § 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This Court has found that "submission of a request is insufficient for exhaustion." *United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 2021) (Boyle, J.). Instead, exhaustion requires proof that the warden *received* the defendant's request. 18 U.S.C. § 3582(c)(1)(A); *see also, e.g., United States v. Carrera*, No. 3:14-CR-0367-B-40, 2020 WL 6545982, at *2 (N.D. Tex. Nov. 5, 2020) (Boyle, J.) (denying compassionate release where defendant "attache[d] to his motion a letter . . . in which

-2-

he purportedly ask[ed] the warden of his facility for a sentence reduction," but did not "attach any proof that the warden actually received his request").

Here, Agee did not satisfy the exhaustion requirement. While he attached a letter addressed to the warden to his Motion, he did not prove that the warden received his request. *See generally* Doc. 37, Mot. Accordingly, the Court denies Agee's Motion for Compassionate Release because he failed to exhaust his administrative remedies. *See Carrera*, 2020 WL 6545982, at *2. Even though Agee failed to satisfy the exhaustion requirement, the Court will still address the merits of his Motion.

B.     *Agee Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Agee has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States. v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and family situation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.l.  However, § 1B1.13 only

applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392-93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting § 1B1.13 is "not dispositive" but "guid[ing]"). Considering Agee's Motion in light of § 1B1.13, the Court concludes that Agee has not demonstrated "extraordinary and compelling reasons" warranting compassionate release.

Agee presents three arguments for why he should be granted compassionate release: (1) the youthful offender amendment to the sentencing guidelines; (2) he would have received a lighter sentence today because he would not be considered a career offender; and (3) his rehabilitation. *See generally* Doc. 47, Mot. The Court addresses each argument in turn.

First, the youthful offender amendment to the Sentencing Guidelines, Amendment 829, does not warrant granting compassionate release. Amendment 829 provides that a court can give a lesser sentence than what is recommended by the Sentencing Guidelines because of the defendant's young age at the time he committed an offense. U.S.S.G. § 5H1.1. However, Amendment 829 does not apply retroactively. *United States v. Matute-Carcamo*, No. CR H-19-494-2, 2025 WL 1677950, at *3 (S.D. Tex. June 13, 2025). "[A] non-retroactive change in the law is not an extraordinary or compelling reason" justifying compassionate release. *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025). "Under settled Fifth Circuit precedent, 'extraordinary' means beyond or out of the

-4-

common order, remarkable, and synonymous with singular." *Id.* (quotations omitted). Thus, a non-retroactive change in the law cannot be extraordinary because it applies equally to "every prisoner previously sentenced under that provision." *Id.* Therefore, the Court rejects Agee's first argument.

Second, Agee's argument that he would not be a career offender if he were sentenced today does not warrant compassionate release. Agee argues that he received such a lengthy sentence because he was "sentenced as a career offender" based on his prior offenses of bank robbery and attempt to evade arrest in a motor vehicle. Doc. 47, Mot., 2. But according to Agee, he would not be considered a career offender if he were sentenced today because of the *Johnson v. United States* Supreme Court decision and Amendment 298 to the Sentencing Guidelines. *See id.* Both arguments fail.

The *Johnson v. United States* decision does not support granting Agee compassionate release. *Johnson v. United States* examined the Armed Career Criminal Act, which provides longer sentences to defendants that have committed three or more "violent felonies." 576 U.S. 591, 593 (2015). Section 924(e)(2)'s definition of "violent felony" had a "residual clause" that said any felony that "involves conduct that presents a serious potential risk of physical injury to another" is a violent felony. 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held that this residual clause was unconstitutionally vague. 576 U.S. at 597–98. Agee contends that his prior offenses fall under this "residual clause" and that, after *Johnson*, his prior offenses are not violent felonies under the Armed Career Criminal Act. However, *Johnson* does not help Agee because, as the Court explained in the Order denying his Petition for Habeas Corpus, Agee was not sentenced under the Armed Career Criminal Act. *See* Findings, Conclusions, and Recommendations of the Magistrate Judge, 2, *Agee v. United States of America*, No. 3:16-cv-0531-B-BF, (N.D. Tex. April 19, 2017), ECF No. 13. Instead,

Agee was considered a career offender under the Sentencing Guidelines because his prior offenses constituted "crimes of violence" under § 4B1.2(a)(2) of the Sentencing Guidelines. *Id.* Thus, *Johnson* has no impact on Agee's sentence because he was not sentenced under the Armed Career Criminal Act.

Amendment 798 to the Sentencing Guidelines also does not warrant granting Agee compassionate release. Section 4B1.2(a)(2)'s definition of "crime of violence" used to include the same residual clause that was found in the Armed Career Criminal Act. *See Beckles v. United States*, 580 U.S. 256, 258 (2017). After *Johnson*, the Sentencing Commission promulgated Amendment 798 which removed the residual clause from § 4B1.2(a)(2)'s definition of "crime of violence." *See* U.S.S.G. § 4B1.2(a)(2). Thus, Agee appears to contend that his prior offenses would no longer be considered crimes of violence under § 4B1.2(a)(2), which would mean that he would not be considered a career offender if he were sentenced today. Doc. 47, Mot., 2. However, the Fifth Circuit has held that Amendment 798 does not apply retroactively. *United States v. Gonzales*, 714 F. App'x 367, 370–71 (5th Cir. 2017); *see also* U.S.S.G. § 1B1.10(d) (listing the Guideline Amendments that apply retroactively). Because Amendment 798 is a non-retroactive change in the law, it cannot constitute an extraordinary and compelling reason to justify compassionate release, as the Court discussed above. *See Austin*, 125 F.4th at 692. Accordingly, the Court rejects Agee's second argument.

Third, Agee's rehabilitation does not constitute an extraordinary and compelling reason to warrant compassionate release. Though the Court commends Agee's progress on rehabilitation, "a defendant's rehabilitation is not alone sufficient to justify a sentence reduction under § 3582(c)(1)(A)." *See United States v. Howard*, No. 3:15-CR-00501-N-2, 2024 WL 3404611, at *3 (N.D. Tex. July 12, 2024) (Godbey, C.J.).

In sum, Agee's personal circumstances do not rise to the level of extraordinary and compelling as necessary to warrant compassionate release. Given these threshold obstacles to Agee's Motion, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

## IV.

## CONCLUSION

Agee's Motion to Reduce Sentence fails because he has not demonstrated exhaustin of administrative remedies or extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Agee's Motion (Doc. 3586) **WITHOUT PREJUDICE.**

By denying Agee's Motion without prejudice, the Court permits Agee to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) sentencing factors support his release.

**SO ORDERED.**

**SIGNED: August 14, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE